UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

Zhong Xian Chen, individually and on behalf of all other
employees similarly situated,

       Plaintiff,

     - against -

ABC Corp. d/b/a "Tengda Asian Bistro" or "Tengda
Westport", Jason Chen,  Andy Chen, "JOHN DOE" and
"JANE DOE" #1-10,

       Defendants.

Case No.:

**COLLECTIVE & CLASS
ACTION COMPLAINT AND
JURY TRIAL DEMAND**

    Plaintiff Zhong Xian Chen ("Chen" or "Plaintiff"), on his own behalf and on behalf of all others similarly situated employees, by and through his undersigned attorneys, hereby files this amended complaint against Defendants, ABC Corp. d/b/a "Tengda Asian Bistro" or "Tengda Westport", ("Tengda"), Jason Chen ("Jason"), Andy Chen ("Andy") "JOHN DOE" and "JANE DOE" #1-10 ("Does") (collectively "Defendants"), alleges and shows the Court the following:

<u>**NATURE OF THE ACTION**</u>

    1.  Plaintiff alleges, on behalf of himself and all other similarly situated current and former employees of the Defendants who elect to opt into this action pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b), that they are entitled to: (i) unpaid wages for overtime work for which they did not receive overtime premium pay, as required by law and (ii) liquidated damages, declaratory relief, costs, interest and attorneys' fees pursuant to the FLSA, 29 U.S.C. §§201 et seq.

2.      Plaintiff further complains on behalf of himself and a class of all other similarly situated current and former employees of the Defendants, pursuant to Fed.R.Civ.P. 23, that they are entitled to: (i) unpaid wages for overtime work for which they did not receive overtime premium pay, as required by law and (ii) liquidated damages, costs, interest and attorneys' fees pursuant to the CMWA, Conn. Gen. Stat. §§ 31-68(a), 31-72, and Connecticut Common law.

## JURISDICTION AND VENUE

3.      This Court has subject matter jurisdiction over this action pursuant to 29 U.S.C. § 201 et seq. and 28 U.S.C. § 1331.

4.      This Court has jurisdiction over the State Law claim pursuant to 28 USC § 1367 since it is so related to the FLSA claim that it forms part of the same case or controversy.

5.      This Court has personal jurisdiction over Defendants because they are engaged in business within the State of Connecticut, and the events complained of occurred in Connecticut.

6.      Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to the claim occurred in this district, and pursuant to 28 U.S.C. § 1391(c) because Defendants ABC Corp. d/b/a "Tengda Asian Bistro" or "Tengda Westport", Jason Chen, Andy Chen, "JOHN DOE" and "JANE DOE" #1-10 are subject to personal jurisdiction in the State of Connecticut.

## THE PARTIES

7.      Plaintiff was, at all relevant times, an adult individual residing in Queens, New York.

8.      Plaintiff was employed by Defendants from February 7, 2011 to July 12,

2

2012, as sushi Chef at Tengda.

9.      Upon information and belief, Defendant ABC Corp. is a company registered in Connecticut.  ABC Corp. is an owner and operator of Tengda located at 1330 Post Road East, Westport, CT 06880. ABC Corp. is at all relevant times an employer of Plaintiff under state and federal law.

10.     Upon information and belief, Defendant Jason Chen is an owner, officer, shareholder, and manager of Tengda. Upon information and belief, at all times relevant to the allegations herein, he had the power to hire and fire employees at the restaurant, establish their wages, set their work schedules, and maintain their employment records.

11.     Upon information and belief, Defendant Andy Chen is an owner, officer, shareholder, and manager of Tengda. Upon information and belief, at all times relevant to the allegations herein, he had the power to hire and fire employees at the restaurant, establish their wages, set their work schedules, and maintain their employment records.

12.     Defendants John Does and Jane Does #1-10 are as-yet unidentified owners, officers, shareholders, and managers of Tengda.  Upon information and belief, at all times relevant to the allegations herein, they had the power to hire and fire employees at the restaurants, establish their wages, set their work schedules, and maintain their employment records.

13.     During the times relevant to this Complaint, Defendants have employed more than fifteen (15) employees and generated more than $500,000 in revenues every year from 2011 to the present.

14.     Defendants qualify for and are subject to both traditional and enterprise coverage under the FLSA for all the relevant time periods contained in this Complaint. Said

3

differently, Defendants are subject to the Fair Labor Standards Act.

15.     At all relevant times Defendants have been and continue to be an employer engaged in interstate commerce and/or the production of goods for commerce, within the meaning of FLSA 29 U.S.C. §§ 206(a) and 207(a).

16.     Defendants employed the Plaintiff as employees within the meaning of FLSA § 203.

## COLLECTIVE ACTION ALLEGATIONS

17.     Pursuant to 29 U.S.C. §207, Plaintiff seeks to prosecute his FLSA claims as a collective action on behalf of all persons who are or were formerly employed by Defendants since October 2011 to the entry of judgment in this case (the "Collective Action Period"), who were non-exempt employees within the meaning of the FLSA and who were not paid overtime compensation at rates not less than one and one-half times their regular rate of pay for hours worked in excess of forty hours per workweek (the "Collective Action Members").

18.     This collective action class is so numerous that joinder of all members is impracticable. Although the precise number of such persons is unknown, and the facts on which the calculation of that number are presently within the sole control of the Defendants, upon information and belief, there are at least fifteen (15) members of the collective action during the Collective Action Period, most of whom would not be likely to file individual suits because they lack adequate financial resources, access to attorneys or knowledge of their claim.

19.     Plaintiff will fairly and adequately protect the interests of the Collective Action Members and have retained counsel that is experienced and competent in the fields of employment law and class action litigation. Plaintiff has no interests that are contrary to or in conflict with those members of this collective action.

4

20.     A collective action is superior to other available methods for the fair and efficient adjudication of this controversy, since joinder of all members is impracticable. Furthermore, inasmuch as the damages suffered by individual Collective Action Members may be relatively small, the expense and burden of individual litigation make it virtually impossible for the members of the collective action to individually seek redress for the wrongs done to them. There will be no difficulty in the management of this action as a collective action.

21.     Questions of law and fact common to the members of the collective action predominate over questions that may affect only individual members because Defendants have acted on grounds generally applicable to all members. Among the common questions of law and fact common to Plaintiff and other Collective Action Members are:

a.     whether the Defendants employed the Collective Action members within the meaning of the FLSA;

b.     whether the Defendants failed to keep true and accurate time records for all hours worked by Plaintiff and the Collective Action Members;

c.     what proof of hours worked is sufficient where the employer fails in its duty to maintain time records;

d.     whether Defendants failed to pay the Collective Action Members wages for all hours worked as well as overtime compensation for hours worked in excess of forty hours per workweek, in violation of the FLSA and the regulations promulgated thereunder;

e.     whether Defendants' violations of the FLSA are willful as that term is used within the context of the FLSA;

f.     whether Defendants are liable for all damages claimed hereunder,

including but not limited to compensatory, punitive and statutory damages, interest, costs and disbursements and attorneys' fees; and

g.     whether Defendants should be enjoined from such violations of the FLSA in the future.

22.     Plaintiff knows of no difficulty that will be encountered in the management of this litigation that would preclude its maintenance as a collective action.

## CLASS ALLEGATIONS

23.     Plaintiff sues on his own behalf and on behalf of a class of persons under Rules 23(a), (b)(2) and (b)(3) of the Federal Rules of Civil Procedure.

24.     Plaintiff brings his Connecticut Labor Law claims on behalf of all persons who are or were formerly employed by Defendants since October 2008 to the entry of judgment in this case (the "Class Period") who were non-exempt employees within the meaning of the Connecticut Labor Law and have not been paid overtime wages in violation of the Conn. Gen. Stat. §§ 31-68(a), 31-72 and Connecticut common law (including breach of contract, breach of the implied covenant of good faith and fair dealing, and breach of contract implied through quantum meruit) (the "Class Members").

25.     The persons in the Class identified above are so numerous that joinder of all members is impracticable. Although the precise number of such persons is unknown, and the facts on which the calculation of that number are presently within the sole control of the Defendants, upon information and belief, there are in excess of fifteen (15) members of the Class during the Class Period.

26.     The claims of Plaintiff are typical of the claims of the Class, and a class action is superior to other available methods for the fair and efficient adjudication of the

controversy--particularly in the context of wage and hour litigation where individual plaintiffs lack the financial resources to vigorously prosecute a lawsuit in federal court against corporate defendants.

27.     The Defendants have acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole.

28.     Plaintiff has committed themselves to pursuing this action and they have retained competent counsel experienced in employment law and class action litigation.

29.     Plaintiff has the same interests in this matter as all other members of the class and Plaintiff's claims are typical of the Class.

30.     There are questions of law and fact common to the Class which predominate over any questions solely affecting the individual members of the Class, including but not limited to:

a.     whether the Defendants employed the Class Members within the meaning of the Connecticut Labor Law;

b.     whether the Defendants failed to keep true and accurate time records for all hours worked by Plaintiff and the members of the Class;

c.     what proof of hours worked is sufficient where the employer fails in its duty to maintain time records;

d.     whether Defendants failed to pay the Class wages for all hours worked as well as overtime compensation for hours worked in excess of forty hours per workweek, in violation of Conn. Gen. Stat. §§ 31-68(a), 31-72;

e.     whether Defendants' violations of Conn. Gen. Stat. §§ 31-68(a), 31-72 are

willful;

f.      whether Defendants are liable for all damages claimed hereunder, including but not limited to compensatory, punitive and statutory damages, interest, costs and disbursements and attorneys' fees;

g.      whether Defendants should be enjoined from such violations of Conn. Gen. Stat. §§ 31-68(a), 31-72 in the future; and

h.      whether Defendants failed to advise employees in writing, at the time of hiring, of the rate of remuneration, hours of employment and wage payment schedules as required by Conn. Gen. Stat. § 31-71f.

## <u>STATEMENT OF FACTS</u>

31.      At all relevant times, the Defendants operated Tengda located at 1330 Post Road East, Westport, CT 06880.

32.      Upon information and belief, Defendants employ at least fifteen (15) employees at any one time in their restaurants. Plaintiff and a large number of Defendants' other employees have not received their wages for overtime pay as required by the Fair Labor Standards Act and CMWA, Conn. Gen. Stat. §§ 31-68(a), 31-72.

33.      Plaintiff was employed by Defendants from February 7, 2011 to July 12, 2012, as sushi Chef at Tengda.

34.      During the employment of Plaintiff by Defendants, Plaintiff was paid $600 per month. Plaintiff was typically paid every week by check and cash.  Each check was typically for the sum of $253.64. The Defendants paid the Plaintiff the remaining balance by cash.

35.      Upon information and belief, Defendants paid Plaintiff in cash in order to

avoid tax and insurance reporting requirements, detection of their failure to pay overtime wages, and withholding and payment of applicable taxes.

36.     Defendants required Plaintiff to work according to the following schedule: Monday to Thursday: 10:30 a.m. to 10:00 p.m.; Friday: 10:30 a.m to 11:00 p.m.; Saturday: 11:00 p.m. to 11:00 p.m.; Sunday: 12:00 p.m. to 10:00 p.m. Plaintiff typically was allowed to take one day off from Monday to Thursday. This resulted in a total work week of approximately sixty-nine (69) hours.

37.     Plaintiff and each of the restaurant workers were required to work for Defendants well in excess of forty (40) hours per week, frequently requiring Plaintiff to work about sixty-nine (69) hours per week, yet Defendants failed to pay Plaintiff overtime compensation for hours they worked in excess of forty hours per week.

38.     Plaintiff and each of delivery workers typically received *de minimis* breaks each work day.

39.     Defendants willfully failed to post a notice explaining the Fair Labor Standards Act in a conspicuous place in the workplace, as prescribed by the Wage and Hour Division of the U.S. Department of Labor and required by 29 C.F.R. § 516.4.

40.     Defendants, in contravention of Conn. Gen. Stat. § 31-66, willfully failed to post a notice of the restaurant minimum wage order, Conn. State Agencies Regs. § 31-62-El, and of regulations issued by the Labor Commissioner of the State of Connecticut.

41.      Defendants, in contravention of Conn. Gen. Stat. § 31-71f, willfully failed to post a notice in a place accessible to employees with employment practices and policies with regard to wages, vacation pay, sick leave, health and welfare benefits and comparable matters. Defendants also failed otherwise to make such information available to employees in writing.

42.     Defendants also willfully violated the provisions of Conn. Gen. Stat. § 31-71f by failing to advise employees in writing, at the time of hiring, of the rate of remuneration, hours of employment and wage payment schedules.

43.     Plaintiff's work was performed in the normal course of the Defendants' business and was integrated into the business of Defendants.

44.     The work performed by Plaintiff required little skill and no capital investment.

45.     Plaintiff did not supervise other employees, did not have hiring and firing authority and his job duties did not include managerial responsibilities or the exercise of independent business judgment.

## STATEMENT OF CLAIMS

### *FIRST CLAIM FOR RELIEF:*

### *FAIR LABOR STANDARDS ACT*

46.     Plaintiff on behalf of himself and all other similarly situated Collective Action Members and members of the Class repeats and re-alleges each and every allegation of the preceding paragraphs hereof with the same force and effect as though fully set forth herein.

47.     At all relevant times Defendants have been and continue to be an employer engaged in interstate commerce and/or the production of goods for commerce, within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

48.     At all relevant times, Defendants employed, and/or continue to employ, Plaintiff and each of the Collective Action Members within the meaning of the FLSA.

49.     Upon information and belief, at all relevant times, the Corporate Defendants have each had gross revenues in excess of $500,000.

10

50.     Plaintiff consent in writing to be a party to this action, pursuant to 29 U.S.C. §216(b). The named Plaintiff's written consent is attached hereto and incorporated by reference.

51.     At all relevant times, the Defendants had a policy and practice of refusing to pay overtime compensation to its employees for their hours worked in excess of forty hours per workweek.

52.     As a result of the Defendants' willful failure to compensate its employees, including Plaintiff and the Collective Action members, at a rate not less than one and one-half times the regular rate of pay for work performed in excess of forty hours in a workweek, the Defendants have violated, and continue to violate, the FLSA, 29 U.S.C. §§ 207(a) (1).

53.     As a result of the Defendants' failure to record, report, credit and/or compensate its employees, including Plaintiff and the Collective Action members, the Defendants have failed to make, keep and preserve records with respect to each of its employees sufficient to determine the wages, hours and other conditions and practices of employment in violation of the FLSA,  29 U.S.C. § 211(c).

54.     The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

55.     Defendants are jointly and severally liable to all delivery workers for violations of their rights under federal law.

56.     Due to Defendants' FLSA violations, Plaintiff, on behalf of himself and the Collective Action members, are entitled to recover from Defendants their unpaid overtime compensation, an additional amount equal as liquidated damages, reasonable attorneys' fees, and costs and disbursements of this action, pursuant to 29 U.S.C. § 216(b).

11

## *SECOND CLAIM FOR RELIEF:*

## *CONNECTICUT WAGE AND HOUR LAW*

57.     Plaintiff on behalf of himself and all other similarly situated Collective Action Members and members of the Class repeats and re-alleges each and every allegation of the preceding paragraphs hereof with the same force and effect as though fully set forth herein.

58.     At all relevant times, Plaintiff and the members of the Class were employed by the Defendants within the meaning of Conn. Gen. Stat. § 31-58(f).

59.     Defendants willfully violated Plaintiff's rights and the rights of the members of the Class by failing to pay them overtime compensation at rates not less than one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a workweek, in violation of Conn. Gen. Stat. §§31-60, 31-76C.

60.     Defendants willfully failed to distribute records of hours worked, earnings and overtime to the restaurant workers, in violation of Conn. Gen. Stat. § 31-13a.

61.     Defendants willfully failed to keep records of hours worked by the restaurant workers, in violation of Conn. Gen. Stat. § 31-66.

62.     Defendants willfully failed to post a notice of the restaurant minimum wage order, Conn. State Agencies § 31-62-E1 and of regulations issued by the Labor Commissioner of the State of Connecticut, in violation of Conn. Gen. Stat. § 31-66.

63.     Defendants willfully failed to post a notice with employment practices and policies with regard to wages, vacation pay, sick leave, health and welfare benefits and comparable matters, in violation of Conn. Gen. Stat. § 31-71f.

64.     Defendants willfully failed to advise employees in writing, at the time of hiring, of the rate of remuneration, hours of employment and wage payment schedules, in

violation of Conn. Gen. Stat. § 31-71f.

65.     Defendants willfully failed to provide 30 consecutive minutes for a meal within a seven and one-half hour time period, in violation of Conn. Gen. Stat. § 31-51ii(a).

66.     Because Defendants failed to post and keep posted a notice explaining Connecticut's Wage and Hour Law in conspicuous places in their establishment, so as to permit their employees to readily observe a copy, and because the Plaintiff had no other knowledge, actual or constructive, of their rights under Connecticut Wage and Hour Law, Plaintiff is entitled to the equitable tolling of their Connecticut Wage and Hour Law claims.

67.     As a result of these violations, all restaurant works suffered damages.

68.     Defendants are jointly and severally liable to all restaurant workers for violations of their rights under state law.

69.     Due to the Defendants' CMWA violations, Plaintiff and the members of the Class are entitled to recover from Defendants twice amount of their unpaid overtime compensation, interests, damages for unreasonably delayed payment of wages, reasonable attorneys' fees and costs and disbursements of the action, pursuant to Conn. Gen. Stat. §§ 31-68(a), 31-76.

## THIRD CLAIM FOR RELIEF:

## BREACH OF CONTRACT

70.     Plaintiff on behalf of himself and all other similarly situated Collective Action Members and members of the Class repeats and re-alleges each and every allegation of the preceding paragraphs hereof with the same force and effect as though fully set forth herein.

71.     Defendants collectively entered into oral, written, and/or implied contracts with delivery workers and each party's acceptance was supported by good and valuable

consideration.

72.     Plaintiff fulfilled his contractual obligations by laboring for the benefit of Defendants.

73.     Defendants breached the contracts with Plaintiff by failing to pay contractually established wages for work performed by Plaintiffs.

74.     Defendants' contracts with Plaintiff implied payment of overtime wages, in accord with federal and state law.

75.     Because of Defendants' breach of contract, Plaintiff suffered from a loss of expected wages.

76.     Plaintiff is entitled to damages for Defendants' contract breaches for 6 years preceding the filing of this complaint, pursuant to Conn. Gen. Stat. §§ 52-576.

77.     Plaintiff is entitled to monetary damages equal to the amount specified in oral, written, and/or implied contracts entered with Defendants, plus interest.

### FOURTH CLAIM FOR RELIEF:

### BREACH OF THE IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING

78.     Plaintiff on behalf of himself and all other similarly situated Collective Action Members and members of the Class repeats and re-alleges each and every allegation of the preceding paragraphs hereof with the same force and effect as though fully set forth herein.

79.     Defendants collectively entered into written and/or oral contracts with Plaintiff and each party's acceptance was supported by good and valuable consideration.

80.     Plaintiff fulfilled his contractual obligations by laboring for the benefit of Defendants.

81.     Defendants, in bad faith, denied Plaintiff the benefit of the contract by

14

failing to pay the contractually established wages.

82.     Defendants' bad faith is demonstrated by Defendant's failure to pay contractually required wages, failure to pay statutorily mandated overtime, and by Defendants' manipulation of payment schedules that were to the detriment of Plaintiff.

83.     Because of Defendants' breach of the implied covenant of good faith and fair dealing, Plaintiff suffered from a loss of expected wages.

84.     Plaintiff is entitled to damages for Defendants' contract breaches for 6 years preceding the filing of this complaint, pursuant to Conn. Gen. Stat. §§ 52-576.

85.     Plaintiff is entitled to monetary damages equal to the amount specified in contracts entered with Defendants, plus interest.

### *FIFTH CLAIM FOR RELIEF:*

### *UNJUST ENRICHMENT & QUANTUM MERUIT*

86.     Plaintiff on behalf of himself and all other similarly situated Collective Action Members and members of the Class repeats and re-alleges each and every allegation of the preceding paragraphs hereof with the same force and effect as though fully set forth herein.

87.     By laboring at Defendants' five restaurants, Plaintiff provided benefits to Defendants.

88.     Plaintiff expected to be compensated for the labor they provided to Defendants. Defendants' unjust failure to pay Plaintiff wages for all labor performed constituted a distinct detriment to the Plaintiff.

89.     Accordingly, Plaintiff is entitled to money damages equal to the reasonable value of the labor provided to Defendants, plus interest.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff on behalf of himself and all other similarly situated Collective Action Members and members of the Class, respectfully request that this Court grant the following relief:

a. Designation of this action as a collective action on behalf of the Collective Action Members and prompt issuance of notice pursuant to 29 U.S.C. §216(b) to all similarly situated members of an FLSA Opt-In Class, apprising them of the pendency of this action, permitting them to assert timely FLSA claims in this action by filing individual Consents to Sue pursuant to 29 U.S.C. §216(b) and appointing Plaintiff and his counsel to represent the Collective Action members;

b. Certification of this action as a class action pursuant to Fed. R. Civ. P. 23(b)(2) and (3) on behalf of the members of the Class and appointing Plaintiff and his counsel to represent the Class;

c. An order tolling the statute of limitations;

d. A declaratory judgment that the practices complained of herein are unlawful under the FLSA and the CMWA;

e. An injunction against the Defendants and its officers, agents, successors, employees, representatives and any and all persons acting in concert with Defendants, as provided by law, from engaging in each of the unlawful practices, policies and patterns set forth herein;

f. An award of wages for all hours worked at agreed-to wage rates as well as overtime compensation due under the FLSA and the CMWA;

g. An award of liquidated and/or punitive damages as a result of the Defendants'

willful failure to pay for all hours worked as well as overtime compensation pursuant to 29 U.S.C § 216 and the CMWA;

h.   An award of damages arising out of the non-payment of wages;

i.   An award of prejudgment and post-judgment interest;

j.   Award Plaintiff compensatory damages for Defendants' violations of Connecticut common law (including breach of contract, breach of the implied covenant of good faith and fair dealing, and breach of contract implied through quantum meruit), plus interest;

k.   An award of costs and expenses of this action together with reasonable attorneys' and expert fees; and

l.   Such other and further relief as this Court deems just and proper.

## **<u>JURY TRIAL DEMAND</u>**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, the plaintiff, on behalf of himself and the Collective Action Members, demands a trial by jury on all questions of fact raised by the complaint.

Dated:  Flushing, New York  October 24, 2014          HANG & ASSOCIATES, PLLC.

*S/JIAN HANG*
Jian Hang (ct29549)
136-18 39th Ave., Suite 1003
Flushing, New York 11354
Tel: 718.353.8588
jhang@hanglaw.com

*Attorneys for Plaintiff*